**Gloria FERRELL**

v.

**Glen–Gery BRICK and Clyde Thomas Raezer.**

**Civ. A. No. 87–1890.**

United States District Court, E.D. Pennsylvania.

Nov. 23, 1987.

Saul H. Krenzel, Philadelphia, Pa., for Gloria Ferrell.

Robert C. Heim, Judy L. Popper, Dechert Price & Rhoads, Philadelphia, Pa., for Glen–Gery Brick.

Ronald H. Surkin and Paul A. Tufano, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for Clyde Thomas Raezer.

## MEMORANDUM/ORDER

LUDWIG, District Judge.

Defendant Glen–Gery Brick subpoenaed the records of plaintiff Gloria Ferrell's psy-

chiatric treatment. Plaintiff moves to redact the subpoena—in effect, for a protective order.

Plaintiff was employed by Glen–Gery Brick from October 1, 1984 to November 5, 1985. The complaint alleges that during this period she was sexually harassed by her supervisor, defendant Clyde Thomas Raezer. Plaintiff brought this action against her employer and Raezer claiming a violation of Title VII of the Civil Rights Act together with intentional and negligent infliction of emotional distress. The tort counts demand compensatory and punitive damages.

From September 25, 1985 to November 1986, plaintiff attended weekly psychotherapy sessions. Her psychiatrist's notes of plaintiff's communications consist of some 200 entries, seven of which, plaintiff asserts, should be protected from disclosure. Plaintiff contends that, if disclosed, these entries would be misleading, highly prejudicial and embarrassing to plaintiff and to persons not party to the lawsuit.

Plaintiff's objections to disclosure are based on: (1) Pennsylvania statutory privilege; (2) a constitutional right, both federal and state, to privacy; (3) relevance; and (4) Fed.R.Evid. 403—probative value substantially outweighed by danger of unfair prejudice.

■ The Pennsylvania physician-patient privilege, 42 Pa.C.S.A. § 5929 (Purdon 1982), provides:

No physician shall be allowed, in any civil matter, to disclose any information which he acquired in attending the patient in a professional capacity, and which was necessary to enable him to act in that capacity, which shall tend to blacken the character of the patient, without consent of said patient, *except in civil matters*

*brought by such patient, for damages on account of personal injuries.* (Emphasis added.)

Even assuming the entries would "blacken the character" [1] of plaintiff, "they would seem to clearly fall within the exception for civil matters brought by the patient for damages on account of personal injuries." *Miller v. Colonial Refrigerated Transp., Inc.*, 81 F.R.D. 741, 743 (M.D.Pa.1979) (where plaintiff sought to recover for post-traumatic neurosis, psychiatric records were within the § 5929 exception). As to damages for personal injuries, plaintiff's records do not appear to be protected by this statutory provision.[2]

As to a constitutional right of privacy for confidential communications to one's psychiatrist, plaintiff refers to the Pennsylvania Supreme Court decision, *In re "B"*, 482 Pa. 471, 394 A.2d 419 (1978).

[A]n individual's interest in preventing the disclosure of information revealed in the context of the psychotherapist-patient relationship has deeper roots than the Pennsylvania doctor-patient privilege statute, and ... the patient's right to prevent disclosure of such information is constitutionally based.

482 Pa. at 484, 394 A.2d at 425.

■ Nevertheless, "the protection provided by the right of privacy is not absolute." *In re Search Warrant (Sealed)*, 810 F.2d 67, 71 (3d Cir.1987). The "right of privacy as to plaintiff's personal history that a plaintiff may otherwise have must be balanced against the defendant's right to a fair trial." *Lowe v. Philadelphia Newspapers, Inc.*, 101 F.R.D. 296, 298 (E.D.Pa.1983). Notably, both courts and commentators alike have consistently taken the view that when a party places his or her physical or mental condition in issue,

---

**1.** The requirement that disclosure "blacken the character" has received a narrow interpretation in Pennsylvania courts. *See, e.g., In re "B"*, 482 Pa. 471, 480, 394 A.2d 419, 423 (1978); *Skruch v. Metropolitan Life Insurance Co.*, 284 Pa. 299, 299, 131 A. 186, 186 (1925) (patient must be suffering from a loathsome disease).

**2.** Plaintiff is also not protected by the psychologist-patient privilege statute. 42 Pa.C.S.A.

§ 5944 (Purdon 1982). This provision which, interestingly, is much broader than § 5929, is not by its terms applicable to the records of a physician and, therefore, a psychiatrist. *Miller*, 81 F.R.D. at 744. *But see In re "B"*, 482 Pa. at 489, 394 A.2d at 428 (1978) (concurring opinion of Roberts J.); *Commonwealth v. Flynn*, 314 Pa.Super. 162, 174 n. 12, 460 A.2d 816, 823 n. 12 (1983).

the privacy right is waived. *See, e.g., Caesar v. Mountanos*, 542 F.2d 1064 (9th Cir. 1976), *cert. denied*, 430 U.S. 954, 97 S.Ct. 1598, 51 L.Ed.2d 804 (1977) (California Evidence Code § 1016 providing for psychotherapist-patient privilege is waived under the "patient-litigation" exception); *Lowe*, 101 F.R.D. at 298–99; *Miller*, 81 F.R.D. at 745. As one article observes: "Important fairness considerations justify this exception: an individual who wishes to receive the benefits of the judicial system should not be allowed to impose an additional burden on the system by withholding necessary information central to her claim." Note, *Developments in the Law—Privileged Communications*, 98 Harv.L.Rev. 1450, 1554 (1985). *See also* Saltzburg, *Privileges and Professionals: Lawyers and Psychiatrists*, 66 Va.L.Rev. 597, 623 (1980) ("This rule is not unfair or unwise, even if the injured person otherwise cannot seek a remedy").[3]

■ Plaintiff also contends that the entries are irrelevant because they are not work-related. This argument is unpersuasive. "[D]efendant is entitled to present evidence that other stressful situations in [plaintiff's] past personal history have contributed to her emotional distress." *Lowe*, 101 F.R.D. at 298. Accordingly, defendant must be allowed to "inquire during discovery of witnesses, including physicians and psychiatrists as to plaintiff's past history whether or not directly related to her job or job performance." *Id.* at 299.

■ Under Fed.R.Evid. 403, the court may exclude evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Here, conversely, the probative value of the evidence may outweigh its prejudicial effect.[4] "The interests of the state in seeing that truth is ascertained in legal proceedings and fair-

ness in the adversary process justify a patient-litigation exception to confidentiality." *Miller*, 81 F.R.D. at 747.

In order to assess the significance of the entries from a psychiatric standpoint, the parties have agreed with the court's proposal to refer the question to an independent forensic expert, whose opinion may be utilized in deciding whether the information should be protected from discovery. A stipulation of counsel will be provided. Once the psychiatric assessment is made, a final ruling will follow.

---

3. Proposed Rule 504 of the Federal Rules of Evidence, 56 F.R.D. 183, 240–41 (1973), which provided for a psychotherapist-patient privilege, contained a patient-litigant exception. "[T]here is no privilege under this Rule as to communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which he relies upon the condition as an element of his claim or defense." Proposed

Section 504(d)(3). As enacted, evidentiary privilege was left to state law.

4. It is agreed that, regardless of the ruling on this motion, the identities of other persons referred to in the seven entries shall be redacted in order to protect their privacy interests.