Lisa TOPOL

v.

**TRUSTEES OF the UNIVERSITY OF PENNSYLVANIA.**

Civ. A. No. 94–1711.

United States District Court,
E.D. Pennsylvania.

Feb. 27, 1995.

Alice Ballard, Samuel & Ballard, P.C., Philadelphia, PA, for plaintiff.

Mary E. Kohart, Drinker Biddle & Reath, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

ANITA B. BRODY, District Judge.

Before me is defendants' motion to compel discovery of plaintiff's diary and plaintiff's motion for a protective order against discovery. I must decide whether the diary is relevant and nonprivileged, and if so, whether disclosure will cause undue annoyance, embarrassment, or oppression. Since I conclude that the diary is relevant and nonprivileged and that disclosure will not cause undue annoyance, embarrassment, or oppression, I will grant defendants' motion to compel discovery and deny plaintiff's motion for a protective order.

▇▇▇ Plaintiff contends that her diary is not relevant to the present litigation. (Memorandum in Support of Motion for Protective Order at 5–7). Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as "any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1). The Rule's relevancy requirement is to be construed broadly, and material is relevant if it bears on, or reasonably could bear on, an issue that is or may be involved the litigation. *Great West Life Assur. Co. v. Levithan*, 152 F.R.D. 494 (E.D.Pa.1994). Plaintiff's diary is clearly relevant to the present litigation. Plaintiff's complaint alleges that during March and April of 1993 the defendants failed to properly address her sexual harassment complaint against Professor Malcolm Woodfield ("Woodfield"). (Complaint ¶¶ 9–12). Plaintiff maintained the diary during this time period, and her diary pertains to her relationship with Woodfield. (Memorandum in Support of Motion for Protective Order at 2–4).

▇▇▇ Plaintiff also contends that the psychotherapist-patient privilege shields her diary from discovery. (Memorandum in Support of Motion for Protective Order at 7–10). Although the federal common law psycho-therapist-patient privilege protects confidential communications between a patient and her psychotherapist made for the purposes of diagnosis, the privilege fails to shield information relevant to a patient's mental state where the patient's mental state is in issue. *See In re Grand Jury Subpoena*, 710 F.Supp. 999, 1006 & 1014–15 (D.N.J.) (interpreting privilege under federal law), *aff'd sub nom.* 879 F.2d 861 (3d Cir.1989); *see also Premack v. J.C.J. Ogar, Inc.*, 148 F.R.D. 140, 144 (E.D.Pa.1993) (under Pennsylvania law privilege waived where mental state in issue). Plaintiff has placed her mental state in issue by alleging that her sexual relationship with Woodfield caused her to become "depressed, anxious, and fearful" and by seeking damages for mental and emotional suffering. (Complaint ¶¶ 8, 14, 19(e), 22(c)). Having placed her mental state in issue, plaintiff waived any applicable psychotherapist-patient privilege.[1]

▇▇▇ Plaintiff requests that I issue a protective order against discovery of the diary to protect her against "extreme annoyance, embarrassment, and oppression." (Memorandum in Support of Motion for Protective Order at 1). Pursuant to Fed.R.Civ.P. 26(c), I may issue a protective order against disclosure when justice requires such an order to protect against annoyance, embarrassment, or oppression. Disclosure of plaintiff's diary will not result in undue annoyance, embarrassment, and oppression. Plaintiff's complaint has already disclosed some of the intimate details of plaintiff's sexual relationship with Woodfield. (Complaint ¶ 7(b)–(i)). I have also approved a confidentiality stipulation that limits the parties' use and disclosure of material marked confidential. I conclude that justice does not require me to issue a protective order.

AND NOW, this 27th day of February 1995, it is **ORDERED** as follows:

---

1. Because I conclude that plaintiff waived her psychotherapist-patient privilege by placing her mental state in issue, I need not decide whether plaintiff also waived the privilege when, prior to the commencement of this lawsuit and at the defendants' request, she provided copies to Gulbun O'Connor, Assistant Ombudsman, and Alan Berkowitz, counsel for the defendants in the defendants' proceedings against Woodfield. The defendants recommended that plaintiff write the diary and then encouraged and directed her to provide a copy to O'Connor for safe keeping and a copy to Berkowitz to assist the defendants in their proceedings against Woodfield.

1. Defendants' Motion to Compel Discovery is **GRANTED**: Plaintiff shall produce her diary to defendants within 5 days of the date of this Order;

2. Defendants' Motion for Sanctions is **DENIED**; and

3. Plaintiff's Motion for A Protective Order is **DENIED**.