Ora Mae–Etta VINSON, Plaintiff,

v.

HUMANA, INC., Defendant.

No. 98–1131–Civ–J–20A.

United States District Court, M.D. Florida, Jacksonville Division.

Nov. 22, 1999.

---

John E. Duvall, Peter Reed Corbin, Corbin & Duvall, Jacksonville, FL, for defendant and Richard T. Stoflet, movant.

Samuel Grier Wells, Brant, Moore, Mac-Donald & Wells, P.A., Jacksonville, FL, for Teri Fox and Marva Walker, movants.

### ORDER

SNYDER, United States Magistrate Judge.

### I. Status

This cause is before the Court on Defendant's Motion for Order to Show Cause to Marva Walker (Doc. # 32; Motion to Walker), and Defendant's Motion for Order to Show Cause to Teri Fox (Doc. # 34; Motion to Fox) (collectively, Motions). On November 8, 1999, the Court indicated its intention, absent objection thereto, to construe the Motions as motions to compel and for sanctions. *See* Order (Doc. # 59) at 1. As no opposition to this procedure has been filed within the allotted time, the Court now proceeds to consider the Motions accordingly.

### II. Background

In the underlying case, a *pro se* Plaintiff is seeking damages for alleged race, sex, and disability discrimination by her prior employer pursuant to Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. She has asserted no state law claims.

Precipitating the instant dispute is Defendant's attempt to obtain Plaintiff's mental health records through the issuance of subpoenas *duces tecum.* Apparently due to their interpretation of state privilege law, however, the records custodians for Mental Health Center of Jacksonville, Inc., and Mental Health Resource Center, Inc., (Respondents) refused to comply with the subpoenas. Although Respondents filed no formal objection to the subpoenas, they do assert that "dialogue between counsel for Defendant and Respondents and ultimately between counsel for Defendant and ... counsel for Respondents" took place regarding the issue. Joint Response to Defendant's Motion to Show Cause and Request for Oral Argument (Doc. # 36; Response) at 3.

Humana now seeks a court order directing Respondents to submit to depositions and produce documents identified within the subpoenas. *See* Motion to Walker at 3; Motion to Fox at 3. In addition, reimbursement is sought for expenses resulting from the failure to comply with the subpoenas. *See id.*

In an Order filed on September 21, 1999, the Court expressed concern as to the relevance of the information sought by Defendant. *See* Order (Doc. # 45; Order) at 2–4. In light of the circumstances of this case, the Court determined "Plaintiff should be given an additional opportunity to clarify the nature of her alleged disability and damages." *Id.* at 3–4. On October 1, 1999, Plaintiff filed a response to the Order (Doc. # 49; Plaintiff's Response).

### III. Discussion

#### Plaintiff's Mental Health Records

**1. Relevance**

Whether Plaintiff has waived any privilege in regard to her mental health records is an issue not currently before the Court.[1] As

---

1. The Court is asked to compel Respondents to produce the records only to the extent they "fall

outside the scope of the limited privilege created by the United States Supreme Court." Defen-

mentioned, the Court provided her an opportunity to file a statement relating to the relevance/irrelevance of the records. However, Plaintiff's Response does not contain information sufficient to prompt a finding the records sought are irrelevant to the subject matter of this controversy. The suggestive ambiguities of her allegations remain, indicating the records, at least to the extent not privileged, may be had by Defendant under the liberal discovery provisions of the Federal Rules of Civil Procedure. Given the nature of the disagreement Respondents and Defendant have expressed regarding the scope of the applicable psychotherapist-patient privilege, resolution of that issue is essential.

### 2. The Governing Law of Privilege

■ In cases involving " 'violations of federal law, it is the *federal* common law of privilege that applies.' " *United States v. Leventhal,* 961 F.2d 936, 940 (11th Cir.1992) (per curiam) quoting *United States v. Goldberger & Dubin, P.C.,* 935 F.2d 501, 505 (2d Cir. 1991) (alteration in original). In the case at bar, Plaintiff bases her action entirely upon federal law. *See* Civil Complaint (Doc. # 1), filed on November 17, 1998. Therefore, federal common law governs any assertion of privilege in this case.

■ In *Jaffee v. Redmond,* 518 U.S. 1, 15, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996), the Supreme Court held "that confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." The privilege is premised on a public policy favoring "an atmosphere of confidence and trust in which the patient is willing to make a frank and complete disclosure of facts, emotions, memories, and fears." *Id.* at 10, 116 S.Ct. 1923. Although all confidential conversation is covered by the privilege, its full contours must be delineated on a case-by-case basis. *Id.* at 18, 116 S.Ct. 1923.

Defendant here argues "that most, if not all, of the documents within the scope of the Subpoenas at issue fall outside the [privilege]." Memorandum to Fox at 6. More specifically, Defendant seeks discovery of "the various other documents and treatment notes comprising a typical clinical record that do not memorialize the confidential communications between a psychotherapist and his/her patients in the course of diagnosis or treatment." *Id.* Respondents assert "[t]he privilege should not be so narrowly construed nor applied; a therapist's notes, diagnoses, orders, test results, nurses' notes, in short everything in a file are related to the communications with the patient and integral to effective treatment." Response at 5.

■ Respondents' unwillingness to disclose client identity poses a threshold question since, for practical purposes, the status of all other information sought depends upon a resolution of this issue. After careful consideration, the Court has determined Respondents' position on client identity does not comport with the law in federal question cases.

In defining the contours of the psychotherapist-patient privilege, courts have made use of an analogy to cases defining the attorney-client privilege. *See, e.g., Hucko v. City of Oak Forest,* 185 F.R.D. 526, 529 (N.D.Ill. 1999) (agreeing that principles governing implied waiver of the attorney-client privilege should also govern implied waiver of the psychotherapist-patient privilege). Only when disclosure of client identity would amount to disclosure of privileged communications has the Eleventh Circuit recognized an exception to the rule that a client's identity is not protected by the attorney-client privilege. *See In re Grand Jury Proceedings 88–9(MIA),* 899 F.2d 1039, 1043 (11th Cir.1990).

An attempt to transfer this same basic approach to the psychotherapist-client context may at first blush suggest an argument that the client's very identity should be protected against disclosure. Unlike the seeking of legal advice, the seeking of mental

dant's Memorandum of Law in Support of Motion for Order to Show Cause to Teri Fox (Doc. # 35; Memorandum to Fox) at 6. Defendant

does not suggest Plaintiff has waived any protection, but directs its arguments exclusively to the potential contents of the records.

health treatment is often stigmatized, albeit unfairly. Disclosure of the fact of a therapist-client relationship, then, may be harmful or embarrassing to the client. Since *Jaffee* makes clear the privilege only directly protects "particular discussions," 518 U.S. at 18, 116 S.Ct. 1923, however, disclosure of the fact of a therapist-patient relationship would not ordinarily equate with disclosure of privileged information. *See Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225, 230 (D.Mass. 1997) (stating that "[f]acts regarding the very occurrence of psychotherapy, such as the dates of treatment, are not privileged"); *Kiermeier v. Woodfield Nissan, Inc.*, 1999 WL 759485, at *1 (N.D.Ill. Sept. 8, 1999) (dates of treatment, identity of psychotherapists not privileged). Beyond facts showing the occurrence of psychotherapy, it appears any information which does not reveal the substance of a client's confidential communications with a therapist falls outside the scope of the privilege. *See Vanderbilt*, 174 F.R.D. at 230.

Accordingly, it is

**ORDERED:**

The Motions (Docs.# 32, # 34) are **GRANTED** to the extent Respondents shall, within ten (10) days from the date of this Order, 1) produce the records sought by Defendant except for any portions which reveal the substance of confidential communications between Plaintiff and a therapist and 2) provide Defendant with a description as that contemplated by Rule 45(d)(2), Federal Rules of Civil Procedure, in regard to any portions it is claimed reveal such information. Further, Respondents shall reimburse Defendant its reasonable expenses, consisting of attorney's fees and costs incurred in bringing the instant motions. In regard to fees and costs, counsel are instructed to meet together and attempt to agree upon an appropriate sum. A notice indicating amicable resolution of the fee amount should be filed within fifteen (15) days from the date of this Order. If the parties are unable to agree, Defendant shall, within the same time period, file an affidavit as to fees and costs. Respondents shall then respond to the affidavit within ten (10) days from its service.