**Polina K. SMITH, Plaintiff,**

v.

**Stephen KOPLAN, Chairman United States International Trade Commission, Defendant.**

No. CIV.A.01–2581 (JGP/JMF).

United States District Court, District of Columbia.

Dec. 16, 2003.

Polina K. Smith, pro se, Washington, DC, for Plaintiff.

Wyneva Johnson, U.S. Attorney's Office for DC, Washington, DC, for Defendant.

## MEMORANDUM OPINION

FACCIOLA, United States Magistrate Judge.

Plaintiff has delivered documents to my chambers for my *in camera* review. The documents that plaintiff submitted fall into two categories: 1) documentation of a severance package plaintiff received upon leaving her prior employment; and 2) plaintiff's diary notes that she maintained during the last four and one half months of her employment with the defendant.

■  The first category of documents relates to Defendant's Document Request # 29, which asked plaintiff to state whether she had ever filed, raised, or threatened any type of employment discrimination claim since her graduation from law school in the Ukraine and to provide relevant documentation of such claims. After a status hearing in which plaintiff indicated that she had signed a severance agreement with a prior employer, I ordered that she deliver a copy of the agreement under seal. After reviewing the two documents submitted by plaintiff, I have determined that they are irrelevant to defendant's request. The severance package agreement required that plaintiff, "in consideration of the financial arrangements recited [therein], release the Firm [her prior employer] and all of its partners and employees, from any claim of any kind which [she] may have against the Firm or any of its partners or employees." The agreement also specified that such claims included, but were not limited to, any claims regarding any aspect of her employment with the Firm, any contractual or policy claim, and any employment discrimination claims. However, this language is extremely general and makes *no* specific references to any claims Ms. Smith had or may have had against the Firm. Therefore, I will not compel their production, especially in light of the severance agreement's requirement that the terms of the agreement be kept confidential. In addition, in plaintiff's cover letter accompanying the documents, she represented that she had no claims against her former employer and that she accepted the severance package so that she could begin her own practice.

■  The second category of documents relates to Defendant's Document Request # 4, which seeks all diaries, journals, notes, and calendars that plaintiff kept during the relevant time period. In my Order of October 15, 2002, I limited this request to items relevant to the issues in plaintiff's complaint. I also ordered that the notes be produced in their entirety for their *in camera* review so that I could determine whether defendant had received all materials relevant to the case.

After reviewing the diary entries, I have determined that the entries fall into four categories: 1) minutiae of plaintiff's daily life; 2) descriptions of plaintiff's involvement in writing fiction and imaginative literature; 3) references to work-related assignments; and 4) events that plaintiff considers to be evidence of her being watched. The first two categories are entirely irrelevant to plaintiff's case, and I will not compel production of these entries.

The second two categories, however, may be relevant to plaintiff's case, and further inquiry must be made into whether the production of these documents should be compelled. In her complaint, plaintiff alleges that she suffered national origin discrimination and was subject to a hostile work environment because she "found herself treated with more suspicion and hostility by the Agency than she ever was during the Cold War period in the United States." *Complaint* at 9. Plaintiff alleges numerous events, which she believes serve collectively as evidence of a conspiracy against her. For example, plaintiff claims that she was harassed with relentless questioning about her national origin and her travels to the Ukraine and that her colleagues asked her "the same questions from different angles in various contexts over and over again ... [creating] an atmosphere of witch hunt." *Id.* at 12. Plaintiff also alleges that her supervisors denied her a detail position and vacation leave

and subjected her to a different process of security clearance. According to plaintiff, these actions, coupled with the "relenting" questioning of her colleagues, led to her constructive termination.

Plaintiff's diary entries contain references to the same types of events she alleges in her complaint. They also reflect plaintiff's state of mind during the last few months of her employment with defendant. Therefore, given the potential relevance of these diary entries to plaintiff's case, I will hold a hearing before determining whether their production must be compelled. At the hearing, I will take testimony as to plaintiff's creation of the diary and her purposes (if any) in doing so. I expect the parties to then address all of the following issues:

1. Whether the entries in the diary, as I have described them and as plaintiff may describe them at the hearing, are relevant or likely to lead to relevant evidence?

2. Whether, assuming they are, the entries are nevertheless protected from disclosure by the work-product privilege?

3. Whether, assuming they are, defendant can nevertheless show that it is unable to secure the substantial equivalent without undue hardship?

An Order accompanies this Memorandum Opinion.

### ORDER

In accordance with the accompanying Memorandum Opinion, it is, hereby, ORDERED that:

1. Plaintiff need not produce to the defendant the documents regarding her severance package from her former employer, and it is **FURTHER ORDERED** that

2. Documentation of the severance package plaintiff received upon leaving her prior employment will be filed under seal with the Clerk of the Court; and it is **FURTHER ORDERED** that

3. A hearing will be held on January 7, 2004 at 2:00 p.m. to determine whether plaintiff should be compelled to produce certain diary entries. Both parties must attend.

**SO ORDERED.**