Cami V. OWENS, Plaintiff,

v.

**SPRINT/UNITED MANAGEMENT COMPANY, Defendant.**

**Civ.A. No. 03–2371–JWL–DJW.**

United States District Court, D. Kansas.

June 2, 2004.

Dennis E. Egan, Stephen J. Dennis, The Popham Law Firm, P.C., Kansas City, MO, for Plaintiff.

Chris R. Pace, Overland Park, KS, Christine F. Miller, James F. Monafo, Husch & Eppenberger, LLC, St. Louis, MO, David M. Eisenberg, Baker, Sterchi, Cowden & Rice, L.L.C., Patrick F. Hulla, John J. Yates, Husch & Eppenberger, LLC, Kansas City, MO, for Defendant.

### MEMORANDUM AND ORDER

WAXSE, United States Magistrate Judge.

This matter comes before the Court on Defendant's Motion to Compel Full and Complete Answers to Interrogatory No. 6 and Request for Production No. 13 (doc. 47). Defendant moves this Court for an Order compelling Plaintiff to identify her medical and health care providers and produce documents relating to her medical care, treatment, and counseling. In addition, Defendant requests the option of reconvening Plaintiff's deposition for the sole and limited purpose of permitting its counsel an opportunity to examine Plaintiff on any documents or information Plaintiff is ordered to produce. Defendant has also filed a separate certificate of compliance[1] of its efforts to confer with Plaintiff's counsel prior to filing this motion. For the reasons set forth below, Defendant's motion is granted to the extent set forth herein.

## I. Introduction and Brief Factual Background

Plaintiff brings this action against Defendant asserting claims for sex discrimination under Title VII of the Civil Rights Act of 1964,[2] and age discrimination under the Age Discrimination in Employment Act ("ADEA").[3] She alleges that Defendant demoted her from her position as Senior Director of International Service Management to a lower-grade managerial position based upon her gender and age when it relocated her Director's position to Virginia and filled it with a younger, male employee.

On December 3, 2003, Defendant served Plaintiff with its First Set of Interrogatories and First Request for Production of Documents.[4] Plaintiff served her Answers to Defendant's First Interrogatories and Defendant's First Request for Production of Documents on January 19, 2004.[5] After attempting to confer with Plaintiff to resolve the issue without court action, as required by Fed.R.Civ.P. 37(a)(2)(A) and D. Kan. Rule 37.2, Defendant filed the instant Motion to Compel on February 18, 2004.

## II. Discovery Requests at Issue

### A. First Interrogatory No. 6 and First Request for Production No. 13

Defendant's First Set of Interrogatories No. 6 requests that Plaintiff "identify each medical or health care provider who has treated you for any medical condition, including but not limited to physical, emotional or mental conditions, during your employment with Defendant." For each individual identified, it requests further information, including the conditions for which Plaintiff sought treatment, dates treatment was sought, identification of medical records, and whether Plaintiff claims that Defendant's conduct caused, exacerbated, or affected the condition. It also requests that Plaintiff execute and return an Authorization for Release of Health Information to Defendant. Defendant also propounded a corresponding Request for Production No. 13, which seeks "all

---

1. See Certificate of Compliance with Local Rule (doc. 48).

2. 42 U.S.C. § 2000e et seq.

3. 29 U.S.C. § 621 et seq.

4. See Certificate of Service for Def.'s First Set of Interrogs. & First Req. for Produc. of Docs. (doc. 25).

5. See Certificate of Service for Pl.'s Answers to Def.'s First Set of Interrogs. & First Req. for Produc. of Docs. (doc. 34).

documents relating to any medical care, examination, treatment, therapy, group or individual counseling, or other health care you have received since January 1, 1993."

Plaintiff served the following Answer to Interrogatory No. 6:

> See General Objection. Plaintiff further objects to this interrogatory in that under the ADEA plaintiff will seek actual pecuniary damages, plus liquidated damages. She will not seek damages such as mental anguish, mental distress, emotional pain, anxiety, embarrassment, humiliation, career disruption, inconvenience etc. Plaintiff has not sought medical treatment for injury which she claims defendant is responsible, she does not seek damages for same. Thus this question is not reasonably calculated to lead to discovery of admissible evidence.
>
> Under Title VII, plaintiff will seek actual damages and non-pecuniary damages for what certain decisions have called "garden variety" damages such as mental anguish, mental distress, emotional pain, anxiety, embarrassment, humiliation, career disruption, inconvenience etc., foreseeably flowing from defendant's actions. Plaintiff has not sought medical treatment for injury for which she claims defendant is responsible.

Plaintiff responded to Defendant's corresponding Request for Production No. 13 by referencing her answer to Interrogatory Nos. 6.

### 1. General objection to Interrogatory No. 6

In her initial answer to Interrogatory No. 6, Plaintiff referenced her General Objection to the discovery requests. In her General Objection, Plaintiff asserted that Defendant's privilege instructions are unduly burdensome and exceed the requirements under Rule 26(b)(5). In addition, she generally objected that many of the interrogatories contain multiple subparts, which thereby exceed the Rule 33(a) numerical limit on number of interrogatories.

Defendant's only apparent reference to Plaintiff's general objections is contained in a footnote in its Memorandum in Support of its Motion to Compel, in which Defendant states that "Plaintiff's 'General Objections' are immaterial to this dispute...." [6] Plaintiff also does not mention these objections in her response to the Motion to Compel. The Court therefore cannot determine whether these objections are still at issue and need to be resolved. The Court will therefore take up these objections at the final pretrial conference on *June 8, 2004*.

### 2. Relevancy objections

Plaintiff specifically objected to Defendant's Interrogatory No. 6 on the grounds that it is not reasonably calculated to lead to discovery of admissible evidence. She contends that she should not be required to produce the information and documents sought by these discovery requests because she only seeks actual pecuniary damages plus liquidated damages under her ADEA claim and "garden variety" damages under her Title VII claim. Plaintiff argues that she is only seeking actual damages and non-pecuniary damages under Title VII for what some courts have called "garden variety" damages, such as mental anguish, mental distress, emotional pain, anxiety, embarrassment, humiliation, career disruption, and inconvenience, foreseeably flowing from Defendant's actions.

Generally, discovery requests seeking an employment discrimination plaintiff's medical and psychological records are held to be relevant as to both causation and the extent of plaintiff's alleged injuries and damages if plaintiff claims damages for emotional pain, suffering, and mental anguish.[7] The fact

---

**6.** *See* Def.'s Memorandum in Support of its Mot. to Compel (doc. 49), n. 2.

**7.** *See Garrett v. Sprint PCS,* No. 00–2583–KHV, 2002 WL 181364, at *3 (D.Kan. Jan. 31, 2002) (because plaintiff sought damages for mental anguish, the medical and psychological information sought was relevant to both causation and the extent of plaintiff's alleged injuries and damages); *Hilt v. SFC, Inc.,* 170 F.R.D. 182, 186 (D.Kan.1997) (because plaintiff claimed damages for "mental and emotional pain, distress, humiliation and anguish" and thereby placed her mental, emotional and psychological condition at issue, court overruled objections to interrogatory seeking identification of physicians and health care professionals who had treated plaintiff or with whom she had consulted); *Bennett v. Emer-*

that these damages claims may be the "garden variety" of damage claims for emotional distress does not automatically exempt them from discovery.[8] Plaintiff's argument is more applicable in the context of a Rule 35 motion to compel physical or mental examinations, where courts have found that a "garden variety" emotional distress claim, one which amounts to no more than an attempt to recover for the generalized insult, hurt feelings and lingering resentment which anyone could be expected to feel if he or she were the recipient of an adverse employment action attributed to discrimination, does not place the plaintiff's mental condition "in controversy" for purposes of justifying a mental examination under Rule 35.[9]

In this case, Plaintiff alleges that Defendant demoted her from her position as Senior Director in Defendant's International Service Management to a lower-grade managerial position based upon her age and gender when it relocated a younger, male employee into her Director's position. Plaintiff asserts in her objections to the discovery requests that she will only seek her actual damages and non-pecuniary damages under Title VII for "garden variety" damages, such as mental anguish, mental distress, emotional pain, anxiety, embarrassment, humiliation, career disruption, inconvenience, foreseeably flowing from Defendant's actions. She also indicates in her objection that she will seek actual pecuniary damages, plus liquidated damages under the ADEA claim, but will not seek damages for mental anguish, mental distress, emotional pain, anxiety, embarrassment, humiliation, career disruption or inconvenience. In addition, she states that she has not sought medical treatment for injury which she claims Defendant is responsible.

The Court determines that information on Plaintiff's medical and health care providers and records relating to her medical care, treatment, and counseling are relevant to the claims she seeks to assert for her "garden variety" emotional damages under Title VII. The information and documents are further relevant to the preparation of Defendant's defenses against Plaintiff's emotional distress damages claims because her medical records may reveal stressors unrelated to Defendant that may have affected Plaintiff's emotional well being. Plaintiff's own testimony at her deposition further supports that the discovery sought may contain information relevant to Defendant's defenses, including her reference to the recommendation of her gynecologist that she take Celexa, a drug for depression based on some mood swings that she had as a result of menopause. Plaintiff's privacy concerns can be addressed by a Stipulated Protective Order between the parties.

The Court therefore holds that the information and documents sought by Defendant's First Interrogatory No. 6 and corresponding First Request for Production No. 13 are relevant to the claims and defenses in this case. Plaintiff's objections on the grounds that these discovery requests are not reasonably calculated to lead to discovery of admissible evidence are overruled. Defendant's Motion to Compel is granted to the extent set forth herein as to its First Interrogatory No. 6 and First Request for Production of Documents No. 13. *Within ten (10) days of the date of this Order,* Plaintiff shall serve upon Defendant her supplemental answer to

---

son Tool Co., No. CIV. A. 00–2335–JWL, 2001 WL 1155301, at *1–2 (D.Kan. May 21, 2001) (because plaintiff sought damages for emotional distress, his medical and psychological information were relevant as to both causation and the extent of plaintiff's alleged injuries and damages); *Sims v. Unified Gov't of Wyandotte County/Kansas City, Kan.,* NO. CIV. A. 99–2406–JWL, 2001 WL 1155302, *3 (D.Kan. May 1, 2001) (plaintiff placed her mental and emotional state at issue by claiming damages for mental anguish, emotional distress, and loss of enjoyment of life in connection with her Title VII discrimination and retaliation claims).

**8.** See, e.g., *LeFave v. Symbios, Inc.,* No. CIV.A. 99–Z–1217, 2000 WL 1644154, at *3 (D.Colo. Apr. 14, 2000) (plaintiff's medical record information was relevant to her claim for emotional distress damages even though plaintiff had only asked for damages for pain and suffering, embarrassment and humiliation and had not asserted a separate cause of action for intentional or negligent infliction of emotional distress or alleged a specific mental or psychiatric injury or unusually severe emotional distress).

**9.** See, e.g., *Thiessen v. Gen. Elec. Capital Corp.,* 178 F.R.D. 568, 569 (D.Kan.1998); *Greenhorn v. Marriott Intern., Inc.,* 216 F.R.D. 649, 651 (D.Kan.2003).

Defendant's First Interrogatory No. 6 and documents responsive to Defendant's First Request for Production of Documents No. 13. Such production shall be made pursuant to a stipulated protective order the parties shall submit to the Court prior to *June 8, 2004.*

In light of these discovery rulings, the Court, with the approval of the District Judge, hereby extends the deadline for the parties to file any dispositive motions until *June 30, 2004.*

### III. Request to Reconvene Plaintiff's Deposition

Defendant also requests that it have the option of reconvening Plaintiff's deposition for the sole and limited purpose of permitting Defendant's counsel an opportunity to examine Plaintiff on any documents or information Plaintiff is ordered to produce. Defendant contends that without having access to Plaintiff's medical information its counsel was unable to conduct a complete and thorough examination on this topic.

The Court determines that Defendant's request is reasonable and necessary as Defendant did not have the records relating to Plaintiff's medical care, treatment, and counseling at her deposition on January 28, 2004. Defendant's request to reconvene the deposition of Plaintiff is granted. Upon reasonable notice to Plaintiff and her counsel, Defendant may reconvene Plaintiff's deposition for the limited purpose of permitting Defendant's counsel to examine Plaintiff regarding the information and documents produced in accordance with this Memorandum and Order. Plaintiff's deposition shall be completed no later than *June 25, 2004.*

### IV. Sanctions

As the Court is unable to rule on the entirety of Defendant's Motion to Compel Full and Complete Answers to Interrogatory No. 6 and Request for Production No. 13, the Court will defer any ruling on sanctions until after the final pretrial conference.

IT IS THEREFORE ORDERED that Defendant's Motion to Compel Full and Complete Answers to Interrogatory No. 6 and Request for Production No. 13 (doc.

47) is granted to the extent set forth herein. **Within ten (10) days of the date of filing of this Order,** Plaintiff shall serve her supplemental answer to Defendant's Interrogatory No. 6 and produce documents responsive to Defendant's First Request for Production of Documents No. 13. Such production shall be made pursuant to a stipulated protective order the parties shall submit to the Court prior to *June 8, 2004.*

IT IS FURTHER ORDERED that the Court will take up Plaintiff's General Objections to Interrogatory No. 6 and First Request for Production of Documents No. 13 at the final pretrial conference on *June 8, 2004.* The parties should be prepared to address these objections or advise the Court that they have been informally resolved.

IT IS FURTHER ORDERED that Defendant, upon reasonable notice to Plaintiff and her counsel, may reconvene Plaintiff's deposition for the limited purpose of permitting Defendant's counsel to examine Plaintiff regarding any documents or information produced above. Plaintiff's deposition shall be completed no later than *June 25, 2004.*

IT IS FURTHER ORDERED that the deadline for the parties to file any dispositive motions is hereby extended until *June 30, 2004.*

IT IS FURTHER ORDERED that the Court will defer ruling any ruling on sanctions until after the final pretrial conference.

**IT IS SO ORDERED.**