**Johnnie MERRILL and Kimberly Merrill, Plaintiff,**

v.

**WAFFLE HOUSE, INC., Defendant.**

**No. 3:04–CV–888–M.**

United States District Court,
N.D. Texas,
Dallas Division.

Feb. 4, 2005.

Brian Edward Robison, Scott T. Fuqua, Scott R. Wiehle, Sona Julianna Garcia, Vinson & Elkins, Dallas, TX, Susan E. Huhta, Washington Lawyer's Committee, Washington, DC, for Plaintiff.

Rebecca Kimmel, Carrington Coleman Sloman & Blumenthal, Dallas, TX, Christopher A. McGraw, David E. Gevertz, Lauren K. House, Tracey T. Barbaree, Ashe Rafuse & Hill, Atlanta, GA, for Defendant.

1. Defendant's motion also claims Plaintiffs failed to respond to Defendant's Request for Production Number 24. However, Plaintiffs' response to the motion indicates that Plaintiffs no longer

## ORDER

RAMIREZ, United States Magistrate Judge.

Pursuant to the District Court's *Order of Referral,* filed November 4, 2004, *Defendant Waffle House, Inc.'s Motion to Compel Discovery,* filed November 3, 2004, was referred to this Court for hearing, if necessary, and for determination. Also before the Court is *Plaintiff's Response to Defendant Waffle House, Inc.'s Motion to Compel Discovery,* filed November 18, 2004.

## I.  BACKGROUND

Plaintiffs brought suit against Defendant alleging that Defendant violated 42 U.S.C. § 1981 and 42 U.S.C. § 2000a, by discriminating against Plaintiffs on the basis of race. (Compl. at 1.) Plaintiffs' lawsuit asserts that Defendant refused to serve them on a non-discriminatory basis when they visited a Waffle House restaurant in Euless, Texas. *Id.* The lawsuit alleges that as a result of Defendant's actions, Plaintiffs "have suffered, continue to suffer, and will, in the future, suffer great and irreparable loss and injury, including, but not limited to, humiliation, embarrassment, emotional distress, and mental anguish." *Id.* at 7. Plaintiffs seek an award of compensatory damages solely for emotional distress and mental anguish damages. *Id.* at 9. Other relief requested includes declaratory judgment, permanent injunctions, and punitive damages. *Id.*

On July 1, 2004, Defendant served Plaintiffs with discovery requests, seeking Plaintiffs' medical and psychological records, as well as Plaintiffs' personal records relating to their claims for mental anguish and emotional distress. At issue are Defendant's Interrogatory Nos. 4 and 5, and Defendant's Request for Production Nos. 4, 8, and 19.[1]

## II.  ANALYSIS

### A.  Computation of Damages for Emotional Distress

■ Defendant seeks to compel Plaintiffs to respond to Interrogatory No. 4, to which

object to this request and that they are currently amassing documents responsive to this request. Accordingly, the Court need not address that issue.

asks them to specify the type and amount of damages sought in this action. (M. at 11–12.) Plaintiffs assert that they are not required to specify the amount of damages sought because "[c]laims for compensatory damages like those sought by Plaintiffs are not amenable to computation." (Resp. at 3.)

Pursuant to FED. R. CIV. P. 26(a)(1)(C), a party is required to disclose "a computation of any category of damages claimed . . . , making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered." However, the Fifth Circuit has found that "compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury" and "may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C)." *Williams v. Trader Publishing Co.*, 218 F.3d 481, 486 (5th Cir.2000) (citing *Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D.Tex.1997)). Noting that the plaintiff had not sought to quantify her damages at trial with a previously undisclosed dollar value, the Fifth Circuit held that a plaintiff's failure to disclose during discovery a specific amount sought for emotional distress damages did not prohibit the plaintiff from recovering emotional distress damages at trial. *Id.*

In this case, Plaintiffs state that they do not intend to ask the jury for a specific dollar amount of damages at trial. (Resp. at 4.) Based on this representation and the Fifth Circuit's holding in *Williams,* Plaintiffs will not be required to disclose a computation of damages at this time.[2] Accordingly, Plaintiffs' objection to Interrogatory No. 4 on the basis that their non-economic compensatory damages are not readily subject to computation is sustained.

### B. *Identity of Medical Providers*

■ Defendant seeks to compel responses to Interrogatory No. 5, which asks Plaintiffs to identify all health care professionals who have treated them since January 1, 1999. (M. Appx. Exh. A at 8.) Plaintiffs object to disclosure on the basis of relevance, privilege, invasion of privacy and harassment. As the party resisting discovery, the burden is on Plaintiffs to clarify and explain their objections and to provide support for those objections. *Krawczyk v. City of Dallas,* 2004 WL 614842, *6 (N.D.Tex. Feb.27, 2004) (citing *Ahern v. Trans Union LLC Zale Corp.*, 2002 WL 32114492, *2 (D.Conn. Oct.23, 2002)).

### 1. *Relevance*

■ Pursuant to FED. R. CIV. P. 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Relevant information encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Sheldon v. Vermonty,* 204 F.R.D. 679, 689 (D.Kan.2001) (quoting *Scott v. Leavenworth Unified School Dist. No. 453,* 190 F.R.D. 583, 585 (D.Kan. 1999)). Unless it is clear that the information sought can have no possible bearing on the claim or defense of a party, the request for discovery should be allowed. *Id.* "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under FED.R.CIV.P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in

---

2. To the extent that Plaintiffs attempt to assign a specific dollar figure to their emotional distress damages at trial, Defendant may seek to exclude such evidence as provided by Federal Rule of Civil Procedure 37(c)(1).

favor of broad disclosure." *Scott*, 190 F.R.D. at 585 (citing *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D.Kan.1999)).

Although Plaintiffs' Response contests the relevance of Plaintiffs' *medical records* to their claim for emotional distress damages, it does not specifically address discovery of the *identities* of treatment providers. Courts considering the issue have generally found that the identities of health providers, the dates of treatment and the nature of the treatment are relevant to claims for emotional distress damages. *See Owens v. Sprint/United Management Co.*, 221 F.R.D. 657, 659–660 (D.Kan.2004); *Jackson v. Chubb Corp.*, 193 F.R.D. 216, 219 (D.N.J.2000); *Vinson v. Humana, Inc.*, 190 F.R.D. 624, 627 (M.D.Fla.1999); *Santelli v. Electro–Motive*, 188 F.R.D. 306, 310 (N.D.Ill.1999); *Fox v. The Gates Corp.*, 179 F.R.D. 303, 305 (D.Colo.1998); *LeFave v. Symbios, Inc.*, 2000 WL 1644154, *2 (D.Colo. Apr.14, 2000). *Compare Simpson v. University of Colorado*, 220 F.R.D. 354, 365 (D.Colo.2004) (finding that names of physicians who prepared records specifically referencing or describing plaintiff's emotional or psychological condition should be disclosed, but disallowing disclosure of names of medical physicians who treated her for physical injuries or conditions unrelated to claims in case).

Plaintiffs have not met their burden to show that the requested information is irrelevant under FED.R.CIV.P. 26(b)(1) or is of such marginal relevance that the ordinary presumption in favor of disclosure is outweighed by any potential harm. Accordingly, the Court determines that the information sought in Interrogatory No. 5 is relevant, and Plaintiffs' objection to Interrogatory No. 5 on this basis is overruled.

### 2. *Privilege*

■ While generally discussing the applicability of the physician-patient and psychotherapist-patient privileges to Plaintiffs' medical records, Plaintiffs' Response also does not specifically address the issue of whether the identities of medical providers are privileged.

■ The court notes that no physician-patient privilege exists under the federal common law applicable to this action. *See*

*Whalen v. Roe*, 429 U.S. 589, 602, n. 28, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977) ("physician-patient privilege is unknown to the common law"); *Fox*, 179 F.R.D. at 305 (same). Further, while the existence of a psychotherapist-patient privilege under the federal common law was recognized by the Supreme Court in *Jaffee v. Redmond*, 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996), that privilege protects only *communications* between the therapist and patient. *Jaffee*, 518 U.S. at 9, 116 S.Ct. 1923; *Pfeifer v. State Farm Ins. Co.*, 1997 WL 276085, *1 (E.D.La. May 22, 1997). The names of mental health care providers, including psychiatrists, psychologists, counselors, and therapists, and dates of treatment are not subject to the privilege. *See Jackson*, 193 F.R.D. at 219 n. 4 (citing *Fox*, 179 F.R.D. at 306–307 and *Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225, 230 (D.Mass.1997)) ("[f]acts regarding the very occurrence of psychotherapy, such as the dates of treatment, are not privileged"); *Santelli v. Electro–Motive*, 188 F.R.D. 306, 310 (N.D.Ill.1999); *Kiermeier v. Woodfield Nissan, Inc.*, 1999 WL 759485, *1 (N.D.Ill. 1999) (citing *Hucko v. City of Oak Forest*, 185 F.R.D. 526, 531 (N.D.Ill.1999)); *Vinson*, 190 F.R.D. at 627.

The Court finds that the information sought in Interrogatory No. 5 is not privileged, and Plaintiffs' objection to Interrogatory No. 5 on this basis is overruled.

### 3. *Invasion of Privacy and Harassment*

As discussed above, courts have routinely ordered discovery of this information in cases where emotional distress damages are sought. Plaintiffs have not shown that the request for this information was made in order to harass them or to invade their privacy. Accordingly, these objections are also overruled.

### C. *Non-medical Records Relating to Alleged Injuries*

■ Defendant seeks to compel a response to Request for Production No. 8, which seeks all documents maintained by or for Plaintiffs, including diaries and journals, that relate to their physical, mental, and/or emotional injuries. (M. Appx. Exh. C at 7.)

In their objections to Request for Production No. 8, Plaintiffs refer to their response to Interrogatory No. 5 wherein they objected on the basis of privilege, relevance, and invasion of privacy and harassment. (M.Appx.Exh. 69–70.)

Plaintiffs' Response to the motion also does not address this discovery request or attempt to establish the bases for their objections. One court has noted that "other courts, faced with this same issue, have routinely ordered the production of personal diaries in response to requests for production of documents." *Gill v. Beaver*, 1999 WL 461821, \*1 (E.D.La.1999) (citing *Quiroz v. Hartgrove Hosp.*, 1998 WL 341812 (N.D.Ill. 1998)); *Rexford v. Olczak*, 176 F.R.D. 90 (W.D.N.Y.1997), *Topol v. Trustees of University of Pennsylvania*, 160 F.R.D. 476 (E.D.Pa.1995), *Ayala v. Tapia*, 1991 WL 241873 (D.D.C.1991).

Plaintiffs have not met their burden to show that the documents sought in Request for Production No. 8, or any portion thereof, are irrelevant, or that the request unduly invades their privacy or is made for purposes of harassment. Nor do Plaintiffs explain how the requested non-medical records are privileged. Because the documents at issue were not tendered for *in camera* review, the Court cannot independently determine whether any portions are clearly irrelevant or privileged and should be protected from disclosure.[3] Accordingly, Plaintiffs' objections to Request for Production No. 8 are overruled.

## D. Medical Records

Defendant seeks to compel the production of medical records pertaining to Plaintiffs' alleged emotional distress and mental anguish damages since January 1, 1999. (M. Appx. Exh. A at 8.) In Request for Production No. 4, Defendant seeks to have Plaintiffs execute an authorization to release records from each individual or entity named in Interrogatory No. 5. In Request for Production No. 19, Defendants seek medical records referring to Plaintiffs' injuries. Plaintiffs have objected to the subject discovery requests, asserting that the medical records are irrelevant and that some of the information sought is protected by the psychotherapist-patient privilege. (Resp. at 1–3.)

### 1. Relevance

In support of their claim that their medical records are not subject to discovery, Plaintiffs rely on *Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376 (E.D.Tex.1997). In *Burrell*, the plaintiffs sued their employer under Title VII and § 1981 for discrimination. *Id.* at 378. Plaintiffs sought damages for lost and future wages as well as damages for mental anguish. *Id.* at 379, 385. Asserting that plaintiffs' claim for mental anguish put their physical and medical conditions "at issue" and thereby subjected their medical records to mandatory initial disclosure under FED.R.CIV. P. 26(a)(1)(B), the defendant sought to compel plaintiffs to execute authorizations for their medical records. *Id.* at 379.

The *Burrell* court began its analysis by examining cases which discussed the "in controversy" requirement for a physical or mental examination under Rule 35. *Id.* at 379–380. The Court noted that under the reasoning in the Rule 35 cases, the physical injury was "the crux of the case" in a personal injury suit whereas the work-related income loss resulting from discrimination was "the crux" in § 1981 and Title VII cases; the mental anguish was incidental to the physical injury or economic damage and did not suffice to put a plaintiff's mental condition in controversy so as to justify a Rule 35 examination. *Id.* at 380. Noting that the defendant was not seeking a Rule 35 examination, but only access to the plaintiffs' medical records, the court stated that even if the Rule

3. Some courts have limited discovery of diaries to portions concerning the conduct or events at issue in the litigation, similar events, or state of mind. *See Simpson*, 220 F.R.D. at 360 (finding additional portions of diary which addressed subjects at issue or which completed diary passages previously disclosed to be relevant and discoverable); *Quiroz*, 1998 WL 341812 at \*3 (noting that diary entries concerning defendant had already been disclosed and limiting additional discovery of diary to entries relating to claims in suit); *see also Smith v. Koplan*, 219 F.R.D. 7, 8–9 (D.D.C.2003) (finding that diary entries regarding events similar to those at issue in the litigation and concerning plaintiff's state of mind might be relevant).

35 test had not been met, medical records could be relevant under Rule 26 if they shed light on other contributing causes to the plaintiff's mental anguish. *Id.* Ultimately, the *Burrell* court concluded that without a "showing that the mental condition of a plaintiff is somehow at the crux of the case, records reflecting the mental condition are not relevant so as to fall under mandatory disclosure of Rule 26(a)(1)(B)." *Id.* at 384. Accepting the plaintiffs' representation that they would not be presenting medical records or testimony at trial in order to prove up the claims for mental anguish, the court stated that it did "not believe that the relevance of the plaintiff's medical records justifies voluminous disclosure . . . of records not required to be a part of their case." *Id.* Thus, "disclosure of records did not fall under the mandatory disclosure provisions of Rule 26(a)(1)(B) or the initial disclosure provisions of Local Rule CV–26(c)(1)(F)(i)." *Id.*

This Court finds *Burrell* to be inapplicable. The *Burrell* court specifically found that the medical records at issue were not subject to mandatory initial disclosure under Rule 26(a)(1)(B) or Local Rule CV–26(c)(1)(F)(I). At issue in this case, however, is whether information pertaining to Plaintiffs's medical and psychological condition and treatment is relevant and discoverable under Rule 26(b)(1). Unlike the mandatory disclosure rules at issue in *Burrell*,[4] Rule 26(b)(1) expressly permits "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." As previously noted, relevancy under this rule has been broadly construed to encompass " 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Sheldon*, 204 F.R.D. at 689. The "crux of the case" standard for mandatory initial disclosures articulated in *Burrell* is inconsistent with the broad definition of relevance for in Rule 26(b)(1).

Utilizing this broad construction of relevance in Rule 26(b)(1), several courts have found that medical records are relevant to claims of mental anguish in discrimination cases. *See Owens v. Sprint/United Mgt. Co.*, 221 F.R.D. 657, 660 (D.Kan.2004) (finding that records relating to plaintiff's medical care, treatment, and counseling were relevant to claim for "garden variety" emotional damages under Title VII as well as to defenses against claim because the records could reveal unrelated stressors that could have affected her emotional well-being); *Fitzgerald v. Cassil*, 216 F.R.D. 632, 634 (N.D.Ca.2003) (finding that medical records involving mental health, including physical conditions tied to mental health, were relevant under the broad definition of relevance in Rule 26(b)(1)); *Payne v. City of Philadelphia*, 2004 WL 1012489, *3 (E.D.Pa. May 5, 2004) (finding that mental health records were relevant since they might suggest whether plaintiff's mental injuries were due to circumstances prior to or as a result of incident at issue, or whether he suffered injuries at all, and interests of adequate and fair discovery favored discovery); *Garrett v. Sprint PCS*, 2002 WL 181364 (D.Kan. Jan.31, 2002) (finding that plaintiff's intent not to present expert testimony in support of her emotional distress claim did not make medical records and information any less relevant); *LeFave*, 2000 WL 1644154, *2 (finding that medical records were relevant to claim for emotional distress damages and to defense against claim because they could reveal unrelated stressors). *See also Simpson*, 220 F.R.D. at 365 (finding that medical records specifically referencing or describing plaintiff's emotional or psychological condition were relevant and should be disclosed, but disallowing disclosure of other medical records relating to physical injuries or conditions unrelated to claims at issue).

The Court recognizes that all medical records, and especially records pertaining to treatment for purely physical conditions, will not necessarily be relevant to mental anguish claims. However, it is Plaintiffs' burden to establish that show that there "no possibility" that the requested records may be relevant to the claim or defense of any party or

---

**4.** The version of Rule 26(a)(1)(b) in effect at that time required that a party initially disclose all documents in its possession, custody, or control that were "relevant to disputed facts alleged with particularity in the pleadings." The Eastern District's local rules required production of records or authorizations if the plaintiff's medical or physical condition was "at issue." *See Burrell*, 177 F.R.D. at 380 n. 3 (citing E.D. TEX. LOCAL RULE CV–26(c)(1)(F)(i)).

are of "such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Scott,* 190 F.R.D. at 585. Plaintiffs did not tender the disputed medical records for *in camera* review or otherwise provide a description of the medical records sufficient to allow the Court to independently determine relevance or weigh potential harm of disclosure. Because Plaintiffs have not met their burden, their relevance objections to Request for Production Nos. 4 and 19 are overruled.

### 2. *Invasion of Privacy and Harassment*

For the same reasons stated in the preceding section, Plaintiffs have not shown that these discovery requests were made in order to harass them or to invade their privacy. Accordingly, these objections are also overruled.

### 3. *Privilege*

As previously noted, no physician-patient exists under the federal common law. *See Whalen,* 429 U.S. at 602, n. 28, 97 S.Ct. 869; *Fox,* 179 F.R.D. at 305. Thus, only the applicability of the psychotherapist-patient privilege is at issue herein. (Resp. at 1–3.) Defendant claims that by seeking damages for emotional distress, Plaintiffs have placed their mental condition at issue and thereby waived any such privilege. (M. at 6–7.)

In recognizing the existence of a psychotherapist-patient privilege under the federal common law in *Jaffee v. Redmond,* 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996), the Court noted that "[t]he psychotherapist privilege serves the public interest by facilitating the provision of appropriate treatment for individuals suffering the effects of a mental or emotional problem. The mental health of our citizenry, no less than its physical health, is a public good of transcendent importance." *Id.* at 11, 116 S.Ct. 1923. The Court held that confidential communications between a licensed psychotherapist and patients in the course of diagnosis or treatment are protected from compelled disclosure under FED. R. EVID. 501. *Id.* at 15, 116 S.Ct. 1923. However, the Court noted that the privilege could be waived. *Id.* at 15 n. 14, 116 S.Ct. 1923. Plaintiff has the burden of demonstrating that there has been no

waiver of the privilege. *Fitzgerald v. Cassil,* 216 F.R.D. 632, 636 (N.D.Ca.2003).

No court in this circuit appears to have addressed the issue of when a party waives the psychotherapist-patient privilege. The lower federal courts which have addressed the issue are split. *Fitzgerald,* 216 F.R.D. at 636–638. These courts have generally recognized two lines of cases characterized as taking either a broad view of waiver or a narrow approach. Those courts taking a broad view of waiver of the psychotherapist-patient privilege have held that when a party makes a claim for emotional distress damages, the privilege has been waived in its entirety. *See e.g. Sarko v. Penn–Del Directory Co.,* 170 F.R.D. 127 (E.D.Penn.1997). The rationale behind this view is based on fairness considerations. *EEOC v. Danka Industries,* 990 F.Supp. 1138, 1142 (E.D.Mo.1997).

Courts adopting a narrow approach to waiver, as characterized in *Vanderbilt v. Town of Chilmark,* 174 F.R.D. 225, 229 (D.Mass.1997), conclude that the privilege is waived only when the plaintiff introduces privileged communications in evidence either directly or by calling the particular psychotherapist as a witness. *See, e.g., Fitzgerald,* 216 F.R.D. at 638–39. This line of cases analogizes the psychotherapist-patient privilege to the attorney-client privilege. *Id.* at 228. The *Vanderbilt* court held that "the privilege is waived if the communication between a psychotherapist and a patient is, itself, put at issue by the client." *Id.* at 229. The plaintiff must use the privileged communication as evidence before the privileged is waived. *Id.* at 228. This approach has been criticized as because it enables a party who has undergone psychotherapy to offer a selective "history," by limiting the evidence offered at trial to the testimony of a retained, non-treating expert or to only certain treating psychotherapists, thereby preventing discovery of what was told to other treating psychotherapists. *Cf. Santelli v. Electro-Motive,* 188 F.R.D. 306, 308 (N.D.Ill., 1999) (noting that application of the narrow waiver rule would enable a party to offer at trial only the testimony of a retained, non-treating expert and thereby prevent discovery of

what was told to the treating psychotherapist).

Other courts have analogized the psychotherapist-patient privilege to the attorney-client privilege in what has been characterized as a third approach, and have held that the same principles of implied waiver should apply to both. *See Adams v. Ardcor*, 196 F.R.D. 339 (E.D.Wis.2000); *Hucko v. City of Oak Forest*, 185 F.R.D. 526 (N.D.Ill.1999). Those courts held that the psychotherapist-patient privilege is waived when the plaintiff has taken the affirmative step in the litigation to place his diagnosis or treatment in issue, by offering evidence of psychiatric treatment or medical expert testimony to establish his claim of emotional harm. *Hucko*, 185 F.R.D. at 529. However, the mere assertion that the defendant's alleged misconduct caused emotional harm is insufficient to waive the privilege. *Id.*

Cases have also recognized a fourth "middle approach" which holds that a mere request for damages for ordinary, garden variety claims of mental anguish or emotional distress, as opposed to a cause of action based upon emotional distress, does not place a party's mental condition at issue, and the privilege is not waived. *See e.g. Ruhlmann v. Ulster Co. Dept. Of Social Serv's*, 194 F.R.D. 445 (N.D.N.Y.2000); *Jackson v. Chubb Corp.*, 193 F.R.D. 216 (D.N.J.2000). "Garden variety" emotional distress claims are contrasted with complex claims, such that result in a specific psychiatric disorder or prevent a person from working. *Ruhlmann*, 194 F.R.D. at 449 n. 6.

After exhaustive consideration of these differing approaches, the Court finds that it need not reach the issue of the applicable standard for determining whether the psychotherapist-patient privilege has been waived. There is no evidence in the record that documents responsive to this request exist.[5]

### III. CONCLUSION

For the foregoing reasons, *Defendant Waffle House, Inc.'s Motion to Compel Discovery*

---

5.  Indeed, at a hearing on another matter in this case on January 28, 2005, counsel for Plaintiffs advised that no such records exist. The Court declines to take the opportunity at this time to

is **GRANTED**, in part and **DENIED**, in part. It is therefore

**ORDERED** that Defendant's motion to compel a response to Interrogatory No. 4 is **DENIED**. Based on Plaintiffs' express representation that they do not intend to request a specific amount of damages for mental anguish and emotional distress, Plaintiffs shall not be required to provide a computation of mental anguish damages. It is further

**ORDERED** that Defendant's motion to compel responses to Interrogatory No. 5 and Request for Production Nos. 4, 8, 19 and 24 is **GRANTED**. Plaintiffs shall fully respond no later than 5:00 p.m. on Monday, February 14, 2005.

All relief not expressly awarded is hereby denied.

address the propriety of asserting a privilege for documents which do not exist and further requesting a ruling on the matter.