Carol Beth TILLEY, Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC, et al., Defendants.

No. 06–2304–JAR.

United States District Court, D. Kansas.

Sept. 4, 2007.

Gregory M. Dennis, Kent T. Perry & Co. LC, Overland Park, KS, for Plaintiff.

Jennifer J. Chapin, Polsinelli Shalton Flanigan Suelthaus, P.C., James S. Kreamer, Baker, Sterchi, Cowden & Rice, L.L.C., Danne W. Webb, Miller Law Firm, P.C., Carlton D. Callenbach, Ryan C. Fowler, Darren K. Sharp, Armstrong Teasdale LLP, Kansas City, MO, Michael D. Douglas, King & Spalding LLP, Michael A. Sexton, Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, Atlanta, GA, Bryan E. Mouber, Baker, Sterchi, Cowden & Rice, L.L.C., Overland Park, KS, Matthew Kasey Ratliff, Paul W. Sheldon, Strasburger & Price, L.L.P., Frisco, TX, James H. Hall, II, Jones Day, Houston, TX, Chad M. Pinson, James W. Bristow, Van Harold Beckwith, Baker Botts, LLP, Dallas, TX, for Defendants.

### ORDER

JAMES P. O'HARA, United States Magistrate Judge.

This case comes before the court on the motion of defendant CSC Credit Services, Inc. ("CSC") to compel the plaintiff, Carol Beth Tilley, to produce her medical records, or in the alternative, strike plaintiff's damage claims arising from humiliation (doc. 137). Plaintiff has responded (doc. 140) and CSC has replied (doc. 141). For the reasons set forth below, CSC's motion is denied.

In her second amended complaint (doc. 69), plaintiff asserts that she suffered "mental and emotional pain and anguish, and the humiliation and embarrassment of credit denials." Plaintiff subsequently has represented to CSC through responses to discovery and during her deposition that she is withdrawing her claims for mental and emotional pain and anguish.[1] Plaintiff asserts, however, that she is still seeking damages for "humiliation," but never sought any medical treatment for "humiliation."

Defendant CSC served its first request for production of documents on plaintiff, making the following requests:

9. All documents relating or referring to whether you suffered mental distress, acute embarrassment, humiliation, mental anguish/distress or similar types of injury as a result of the conduct alleged in this suit, including medical records, prescriptions, diagnosis, invoices, statements or bills from doctors or other persons that provided treatment as a result of such alleged injury.

. . .

48. If you are claiming damages based on physical or mental anguish, all of your medical records and all documents relating or referring to your medical for the past seven years.

49. If you are claiming damages cased on physical or mental anguish, sign and return the medical release attached as Exhibit A, allowing CSC to obtain your medical records for the time period specified in Request No. 48.

Plaintiff's response to each of these request was as follows:

The plaintiff has withdrawn her claims for mental and emotional pain and anguish. Consequently, objection pursuant to Fed. R.Evid. 501 and/or K.S.A. 60–427 as such

---

**1.** For clarification of the record, the court *strongly* encourages the parties to file a joint stipulation to memorialize plaintiff's withdrawal of her claims for mental and emotional pain and anguish.

information [is] privileged. Further, objection as not relevant or germane.

Plaintiff's response to Request No. 9 also included the following sentence:

> As for humiliation, such documents, if any, have been produced by plaintiff on May 18, 2007.

Plaintiff continues to refuse to produce her medical records or sign an authorization allowing CSC to obtain her medical records. This prompted the filing of the instant motion.

■ The court will first consider plaintiff's relevancy objection. Relevancy, of course, is broadly construed. Thus, at least as a general proposition, "a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." [2] "A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party." [3] "When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the ordinary presumption in favor of broad disclosure." [4] The question of relevancy naturally "is to be more loosely construed at the discovery stage than at the trial." [5] "A party does not have to prove a prima facie case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence." [6]

CSC argues that plaintiff is attempting to disguise her claim for mental anguish as humiliation and the fact that she did not seek medical attention for "humiliation" should not preclude CSC from examination of plaintiff's medical records to test the causation and severity of her alleged suffering. CSC further argues that the courts in this district have held that plaintiff's medical and physiological records and information are relevant as to both causation and the extent of plaintiff's alleged injuries and damages if the plaintiff claims damages for emotional pain, suffering, and mental anguish.[7]

■ The court respectfully disagrees with CSC. The cases cited by CSC are distinguishable given that plaintiff in this case is withdrawing her claims for damages for mental and emotional pain and anguish, and further given that she has represented that she never sought any medical treatment for "humiliation." Further, as to the remaining claim of humiliation, plaintiff has represented that she produced all related documents on May 18, 2007. Under this unusual set of facts, the court finds that the medical records sought by defendant through the requests or by medical authorizations are not *reasonably* calculated to lead to the discovery of admissible evidence related to plaintiff's claim of damages for humiliation and, therefore, are not relevant. Because of its finding that the requested documents are irrelevant, the court need not address plaintiff's separate privilege objection.

In consideration of the foregoing,

IT IS HEREBY ORDERED that defendant's motion to compel, or in the alternative, to strike (**doc. 137**) is denied.

---

**2.** *Sheldon v. Vermonty*, 204 F.R.D. 679, 689–90 (D.Kan.2001) (citations omitted).

**3.** *Id.* (citations omitted).

**4.** *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 670 (D.Kan.2003) (citations omitted).

**5.** 8 Charles Alan Wright et al, Federal Practice and Procedure § 2008 at 99 (2d ed.1994).

**6.** *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 193 (D.Kan.1996).

**7.** *See Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 657, 659–60 (D.Kan.2004) (citing *Garrett v. Sprint PCS*, No. 00–2583, 2002 WL 181364, at *3 (D.Kan. Jan. 31, 2002); *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 186 (D.Kan.1997); *Bennett v. Emerson Tool Co.*, No. 00–2335, 2001 WL 1155301, at *1–2 (D.Kan. May 21, 2001); *Sims v. Unified Gov't of Wyandotte County/Kansas City, Kansas*, No. 99–2406, 2001 WL 1155302, at *3 (D.Kan. May 1, 2001)).